# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

JUAN RENTAS,

               Petitioner,        :    Case No. 2:24-cv-03755

   - vs -                          District Judge Algenon L. Marbley, Jr.
                                        Magistrate Judge Michael R. Merz

SHELBIE SMITH, WARDEN,
  Belmont Correctional Institution,

                                  :

               Respondent.

## REPORT AND RECOMMENDATIONS

       This habeas corpus action, brought *pro se* by Petitioner Juan Rentas pursuant to 28 U.S.C. § 2254, seeks relief from his conviction in the Cuyahoga County Court of Common Pleas on charges of kidnapping, rape, and felonious assault with sexual motivation and repeat violemnt offender specifications.  The case is before the Court upon filing and for preliminary review under Rule 4 of the Rules Governing § 2254 Proceedings which provides:

> the Clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it.  If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The case has been randomly assigned to Chief Judge Algenon L. Marbley, Jr., and referred to the undersigned pursuant to Amended General Order 22-05.

**Litigation History:**

According to the Petition, Petitioner was convicted by a jury of all three charged offenses and by the trial court on the two specifications.  He was thereupon sentenced to be imprisoned for thirty-three years to life and committed to the custody of the Ohio Bureau of Prisons at the Belmont Correctional Institution where Respondent is the Warden.  He appealed to the Ohio Eighth District Court of Appeals which affirmed the conviction.  *State v. Rentas,* 2024-Ohio-732 (8th Dist. Feb. 29, 2024).  The Ohio Supreme Court declined to exercise jurisdiction over a further appeal.  *State v. Rentas*, 174 Ohio St.3d 1506 (Jun. 25, 2024).  Petitioner timely filed his Petition in this Court by placing it in the prison mailing system on July 16, 2024 (Petition, ECF No. 1, PageID 8).

Petitioner pleads one ground for relief:

> The State Court's Decision On The State Law Review Of The Manifest Weight Of The Evidence Claim Was Error That Amount To A Fundamental Miscarriage Of Justice And Violation Of The Right To Due Process In Violation Of The United States Constitution. Therefore, Review Of The State Law Claim Is Warrant[ed]  Pursuant To *Floyd v. Alexander,* 148 F.3d 615, 619, (6th Cir.), Cert. Denied, 525 U.S. 1025, 119 S. Ct. 557, 142 L. Ed. 2d 464 (1998).
>
> **Supporting Facts:** Rentas points to inconsistencies or contradictions in A.D.'s testimony and the evidence. He notes, for example, that A.D. testified she was afraid of Rentas, but met with him and took him to W.G.'s apartment. Further, Rentas points out that A.D.'s testimony about how much alcohol she drank was inconsistent with the medical records that showed an elevated blood-alcohol level. Additionally, Rentas argues that A.D.'s testimony was not consistent with her prior testimony to police regarding when she first encountered Rentas on the day of the assault, the timing of when the assault started, and details during the assault.
>
> Further, Rentas argues A.D.'s testimony differs from police and neighbors' testimony as to what A.D. was wearing when she escaped the apartment. He argues that these contradictions and

inconsistencies were ignored by the jury because of the severity of the injuries A.D. sustained. As such, he claims the jury and trial court lost their way in convicting him. However, the Court of Appeals held,

> As to the inconsistencies or contradictions in the testimony, the jury heard the inconsistencies during A.D.'s testimony and A.D. was able to explain any inconsistencies between her testimony and statements made to the police. Further, A.D.'s testimony as to the physical and sexual assault she suffered was corroborated by the physical evidence presented to the jury, including the neighbors' accounts, photographs of A.D.'s injuries, her medical records, and the DNA evidence. Accordingly, our review of the record does not lead us to find that this is the exceptional case in which the evidence weighs heavily against a conviction and that a manifest miscarriage of justice occurred."

(Petition, ECF No. 1, PageID 6-7).

## Analysis

Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018)(Thapar, J. concurring).

Whether a verdict is or is not against the manifest weight of the evidence is a question of state, not federal law. A weight of the evidence claim is not a federal constitutional claim. *Johnson*

3

*v. Havener*, 534 F.2d 1232 (6th Cir. 1986).

To bring this case within the United States Constitution, Petitioner pleads that the Eighth District's decision represents a manifest miscarriage of justice and is therefore in violation of the Due Process Clause of the Fourteenth Amendment. He cites for this proposition *Floyd v. Alexander,* 148 F.3d 615 (6th Cir. 1998).

In the *Floyd* case, the petitioner filed a second habeas corpus application which Judge John Holschuh of this Court dismissed as an abuse of the writ.[1] The Sixth Circuit affirmed, holding the facts of the case did not bring it within the "fundamental miscarriage of justice" exception to the abuse of writ doctrine which, in any event, required a colorable claim of actual innocence. 148 F.3d at 618, quoting *Kuhlmann v. Wilson,* 477 U.S. 436, 445 (1986). Thus the Sixth Circuit did not in *Floyd* recognize a Due Process/fundamental miscarriage of justice constitutional claim. *Johnson v. Havener, supra,* remains controlling law on this question.

Because the Petition fails to state a claim upon which habeas cordpus relief can be granted, it should be dismissed with prejudice.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition in this case be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and

---

[1] Floyd's second application was filed January 3, 1996, before the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") on April 24, 1996. AEDPA replaced the abuse of the writ doctrine with a flat denial of the opportunity to file a second petition for habeas corpus without permission of the circuit court.

should not be permitted to proceed *in forma pauperis*.

July 25, 2024.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #