## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| JUAN RENTAS, | : |
| | : |
| Petitioner, | : |
| | : Case No. 2:24-cv-03755 |
| v. | : |
| | : JUDGE ALGENON L. MARBLEY |
| WARDEN BELMONT CORRECTIONAL | : |
| INSTITUTION, | : Magistrate Judge Michael R. Merz |
| | : |
| Respondent. | : |

## OPINION & ORDER

On July 24, 2024, Petitioner Juan Rentas filed a *pro se* Petition for Writ of Habeas Corpus. (ECF No. 1). Now before this Court are Petitioner's Objections (ECF No. 5) to the Magistrate Judge's Report and Recommendation ("R&R," ECF No. 2). For the reasons stated below, the Magistrate Judge's R&R (ECF No. 2) is hereby **ADOPTED** as modified below. Mr. Rentas's Objections (ECF No. 5) are **OVERRULED**, and the Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED WITH PREJUDICE**. Furthermore, because reasonable jurists would not disagree with this Court's conclusion, the Court **DECLINES** to issue a certificate of appealability and **CERTIFIES** to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

I. BACKGROUND

Petitioner Juan Rentas is an inmate at Belmont Correctional Institution. (ECF No. 1, at 1). In April 2023, a state court jury found him guilty of kidnapping,[1] rape,[2] and felonious assault.[3] (*Id.* at 2). Based on the jury verdict, the state trial court heard evidence on the sexually motivated and sexual predator specifications of the kidnapping and rape charges,[4] and found him guilty of those specifications. (*Id.* at 2–3). On April 26, 2023, Mr. Rentas was sentenced to 33 years to life and committed to the custody of the Ohio Bureau of Prisons at the Belmont Correctional Institution. (*Id.*). Mr. Rentas appealed his convictions for rape and the sexually motivated and sexual predator specifications to the Ohio Eighth District Court of Appeals, arguing that the convictions were against the manifest weight of the evidence because the victim's testimony at trial was inconsistent and contradictory. (*Id.* at 3). Affirming the convictions, the appellate court explained that "the jury was aware of any inconsistencies between A.D.'s testimony and her prior statements and had the ability to weigh her credibility" and that "physical evidence, including DNA evidence at trial, corroborated the victim's testimony." *See State v. Rentas*, 2024-Ohio-732 ¶ 19 (8th Dist. Feb. 29, 2024). The Ohio Supreme Court declined to exercise jurisdiction over any further appeal. *State v. Rentas*, 174 Ohio St.3d 1506 (June 25, 2024).

Mr. Rentas timely filed a petition for habeas relief with this Court, pursuant to 28 U.S.C § 2254. (ECF No. 1, at 8). His petition pleads only one ground for relief, contending that the Eighth District's rejection of his manifest-weight-of-the-evidence claim was erroneous and "[a]mounts to

---

[1] Ohio Rev. Code Ann. § 2905.01(A)(4) ("No person, by force, threat, or deception . . . by any means, shall remove another from the place where the other person is found or restrain the liberty of the other person . . . [t]o engage in [sexual conduct or sexual contact] . . . with the victim against the victim's will.")
[2] Ohio Rev. Code Ann. § 2907.02(A)(2) ("No person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force.")
[3] Ohio Rev. Code Ann. § 2903.11.A(1) ("No person shall knowingly . . .[c]ause serious physical harm to another . . .")
[4] *See* Ohio Rev. Code Ann. §§ 2941.147, 2941.148.

2

a fundamental miscarriage of justice and a violation of his right to due process under the Fourteenth Amendment of the U.S. Constitution." (*Id.* at 6).

On July 25, 2024, the Magistrate Judge issued its R&R, recommending that Mr. Rentas' petition be dismissed with prejudice, that Mr. Rentas be denied a certificate of appealability, and that this Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*. (ECF No. 2). On August 9, 2024, Mr. Rentas moved for additional time to object to the R&R (ECF No. 3), which the Magistrate Judge granted. (ECF No. 4). Having filed his objections (ECF No. 5), the Report and Recommendation on Mr. Rentas' petition is now ripe for consideration.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b)(3), district courts review a magistrate judge's report and recommendation *de novo* after a party files a timely objection. *See Williams v. Parikh*, 708 F. Supp. 3d 1345, 1351 (S.D. Ohio 2023). This review, however, applies only to "any portion to which a proper objection was made." *Id.* (internal quotation marks and citation omitted). In response to such an objection, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). For "unobjected portions" of the report and recommendation, a district court "still must satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Parikh*, 708 F. Supp. 3d at 1352 (internal quotation marks and citation omitted).

A general objection "has the same effect[] as would a failure to object." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). In other words, a litigant must identify each issue to which he or she objects with "sufficient clarity"; otherwise, "that issue is deemed

3

waived." *Parikh*, 708 F. Supp. 3d at 1352 (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious.")).

When a petitioner is proceeding *pro se*, the pleadings are to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985). But "[t]he liberal treatment of *pro se* pleadings does not require the lenient treatment of substantive law." *Johnson v. Stewart*, No. 08-1521, 2010 WL 8738105, at *3 (6th Cir. May 5, 2010) (citations omitted).

### III. LAW AND ANALYSIS

Mr. Rentas, proceeding *pro se*, seeks relief from his state court convictions for rape and sexual specifications, pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The AEDPA authorizes federal courts to review a state court decision that is "contrary to" federal law as established by Supreme Court precedent, 28 U.S.C. § 2254(d)(1); that involved "an unreasonable application of" such precedent, *id.*; or that was based on "unreasonable" factual determinations, *id.* § 2254(d)(2). *See Harris v. Haeberlin*, 526 F.3d 903, 909 (6th Cir. 2008). A district court's review of such a petition, however, "is limited to the record that was before the state court that adjudicated the claim on the merits." *See Cullen v. Pinholster*, 563 U.S. 170, 181 (2011); *see also id*. at 185 n.7. And claims brought in a federal habeas petition must have been "fairly presented" at every stage of the state appellate process. *Wagner v. Smith*, 581 F.3d 410, 418 (6th Cir. 2009); 28 U.S.C. § 2254(b)(1)(A).

In his petition, Mr. Rentas raised the following ground for relief:

> The State Court's Decision On The State Law Review Of The Manifest Weight Of The Evidence Claim Was Error That Amount To A Fundamental Miscarriage Of Justice And Violation Of The Right To Due Process In Violation Of The United States

4

> Constitution. Therefore, Review Of The State Law Claim Is Warrant[ed] Pursuant To *Floyd v. Alexander*, 148 F.3d 615, 619, (6th Cir.), *Cert. Denied*, 525 U.S. 1025, 119 S. Ct. 557, 142 L. Ed. 2d 464 (1998).

Magistrate Judge Merz recommended dismissal of the petition for failure to state a claim, reasoning that "the manifest weight of the evidence is a question of state, not federal law." (ECF No. 2, at 2 –3 (citing *Johnson v. Havener*, 534 F.2d 1232 (6th Cir. 1986)). The R&R further explained that Mr. Rentas' reliance on *Floyd v. Alexander*, 148 F.3d 615 (6th Cir. 1998) does not aid his claim because, there, the Sixth Circuit there "did not . . . recognize a Due Process/fundamental miscarriage of justice constitutional claim." (*Id.* at 3). In his objections to the R&R, Mr. Rentas acknowledges that he "presented a manifest-weight [claim], rather than an insufficient-evidence[] claim," but maintains that he is still entitled to review based on the Sixth Circuit's opinion in *Nash v. Eberlin*, 258 Fed. Appx. 761 (6th Cir. 2007).

In *Nash v. Eberlin*, 258 Fed. Appx. 761, the Sixth Circuit interpreted a manifest-weight-of-the-evidence argument raised in a *pro se* habeas petition as one claiming "that the state court erroneously found his conviction to be supported by sufficient evidence" in violation of federal due process under the Supreme Court's decision in *Jackson v. Virginia*, 443 U.S. 307 (1979) (holding that a conviction runs afoul of the Fourteenth Amendment if a rational trier of fact could not have found the essential elements of the crime beyond a reasonable doubt). Accordingly, courts in the Sixth Circuit frequently construe manifest weight of the evidence claims in *pro se* habeas petitions as asserting cognizable sufficiency-of-the-evidence claims. *See e.g.*, *Hoffman v. Lazaroff*, 2018 WL 5849894 at * 3 (6th Cir. Sept. 17, 2018) (stating that "courts often consider a manifest-weight-of-the-evidence claim in a § 2254 petition to allege an insufficient-evidence claim, particularly when, as here, the petitioner is *pro se*"); *Bryant v. Turner*, 2016 WL 5930919 at * 4-5 (S.D. Oct. 12, 2016) (collecting cases); *Owens v. Miller*, 2016 WL 944156 at * 9 (N.D. Ohio Feb.

5

1, 2016); *Rojas v. Warden, Ross Corr. Inst.*, 2015 WL 631183 at * 4 (N.D. Ohio Feb. 12, 2015); *Taylor v. Brunsman*, 2014 WL 4113320 at * 14 (N.D. Ohio Aug. 20, 2014); *Hill v. Sheldon*, 2014 WL 700024 at * 3 (N.D. Ohio Feb. 21, 2014); *Hughes v. Warden, Chillicothe Corr. Inst.*, 2011 WL 1980037 at * 4 (S.D. Ohio Apr. 27, 2011).

Even liberally construing Mr. Rentas's habeas petition as one asserting a federal due process claim, however, sufficiency-of-the-evidence claims still "face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference." *Coleman v. Johnson*, 132 S.Ct. 2060, 2062 (2012). First, a reviewing federal court must "determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009) (citing *Jackson*, 443 U.S. at 319). Crucially, in making this determination, courts "do not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute [their] judgment for that of the jury." *Id*. (citing *United States v. Hilliard*, 11 F.3d 618, 620 (6th Cir. 1993)). Second, even if the reviewing court concludes "that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt," a reviewing federal court "must still defer to the state appellate court's sufficiency determination" so long as it is not unreasonable." *Id.*

At the heart of Mr. Rentas's sufficiency-of-the-evidence claim are the alleged inconsistencies in the victim's testimony at trial. But this Court is not persuaded that, based on these contradictions alone, no reasonable juror could have believed the victim. As the state appellate court explained:

> [T]he jury heard the inconsistencies during A.D.'s testimony and A.D. was able to explain any inconsistencies between her testimony and statements made to the police. Further, A.D.'s testimony as to the physical and sexual assault she suffered was corroborated by the

> physical evidence presented to the jury, including the neighbors' accounts, photographs of A.D.'s injuries, her medical records, and the DNA evidence. Accordingly, our review of the record does not lead us to find that this is the exceptional case in which the evidence weighs heavily against a conviction and that a manifest miscarriage of justice occurred.

*State v. Rentas*, 2024-Ohio-732, ¶ 18. The state appellate court's conclusion that "the convictions were not against the manifest weight of the evidence," *id.* ¶ 19, implicitly held that sufficient evidence supported the convictions. *See Nash*, 258 Fed. Appx. at 765 ("A state court's rejection of the manifest weight of the evidence claim implicitly holds that there is sufficient evidence to support the verdict.").

With AEDPA's deferential standard in mind, this Court does not find that the state appellate court's implicit conclusion—that a rational trier of fact could still convict Mr. Rentas, notwithstanding the inconsistencies—was unreasonable under the *Jackson* standard. *Cf. Nash*, 258 Fed. Appx. at 766. In addition to the victim's testimony, the Eighth District noted that the nurse examining the victim after the assault "testified A.D. had severe swelling to both eyes, swelling to her upper lip, abrasions on her face, and a chipped tooth," that she "had swelling on her neck, bruises on her shoulders, back, and arms," and that she took DNA swabs from the victim's buttocks and perianal area. *State v. Rentas*, 2024-Ohio-2373, ¶ 11. A DNA analyst of the Ohio Bureau of Criminal Investigation analyzed the swabs and further testified that Mr. Rentas's DNA was located on them. *Id.* ¶ 10. Further corroborating the testimony from those witnesses, "the jury received physical evidence in the form of photographs of A.D. taken after the assault, photographs of the apartment, A.D.'s treatment records, and the bedding and clothing from the incident." *Id.* ¶ 12.

At its core, Mr. Rentas' petition asks this Court to engage in the type of evidence-weighing that is prohibited in the habeas context. *See Thompson v. Harris*, No. 4:18CV2103, 2021 WL 3507646, at *10 (N.D. Ohio Aug. 10, 2021) ("[Petitioner] points to no federal legal precedent

7

requiring this Court, in the context of a challenge to the sufficiency of the evidence, to engage in the evidence-weighing that he requests."); *see also Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003) ("An assessment of the credibility of witnesses is generally beyond the scope of federal habeas review of sufficiency of evidence claims."); *Martin v. Mitchell*, 280 F.3d 594, 618 (6th Cir. 2002) (noting that "attacks on witness credibility are simply challenges to the quality of the government's evidence and not to the sufficiency of the evidence") (internal quotation marks and citation omitted). Accordingly, Mr. Rentas's habeas claim regarding the sufficiency of the evidence fails on the merits.

Mr. Rentas also raises a "fundamental miscarriage of justice" challenge, an exception to the general rule in the habeas context that federal courts will not consider the merits of procedurally defaulted claims, unless failure to review the claim would result in a fundamental miscarriage of justice. *See Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006). A claim may become procedurally defaulted in two ways. *Id*. First, a petitioner may procedurally default a claim by failing to comply with state procedural rules in presenting his claim to the appropriate state court. *Id.*; *see also Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). If, due to petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted. *Id*. Second, a petitioner may procedurally default a claim by failing to raise and pursue that claim through the state's "ordinary appellate review procedures." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, it is procedurally defaulted. *Engle v. Isaac*, 456 U.S. 107, 125 n. 28 (1982); *see also Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991); *Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013) ("a claim is procedurally defaulted where the petitioner

failed to exhaust state court remedies, and the remedies are no longer available at the time the federal petition is filed because of a state procedural rule."). Thus, although "[a] violation of state law is not cognizable in federal habeas corpus," federal court review is permitted if "such error amounts to a fundamental miscarriage of justice[.]" *Cristini v. McKee*, 526 F.3d 888, 897–98 (6th Cir. 2008) (citing *Floyd,* 148 F.3d at 619).

Because this Court has construed Mr. Rentas's petition as raising a federal constitutional claim that is not procedurally barred, it need not address the "fundamental miscarriage of justice" exception. In any event, the Magistrate Judge correctly concluded that the exception would not save Mr. Rentas's habeas claim. (ECF No. 2 (noting that the exception requires "a colorable claim of actual innocence"). As the Supreme Court explained, the exception applies only when a petition presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1936 (2013) (quoting *Schlup*, 513 U.S. at 316). "To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Id.* at 316. Mr. Rentas here fails to make the necessary showings for actual innocence to take advantage of this exception, even if it applied in the context of his case.

Accordingly, Mr. Rentas's Objections to the R&R (ECF No. 5) are **OVERRULED,** and his Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED WITH PREJUDICE**.

## IV. CONCLUSION

Having considered Petitioner's grounds for relief *de novo* and his objections to the Magistrate Judge's R&Rs, this Court hereby **ADOPTS** the Magistrate Judge's R&R (ECF No. 2) **as modified herein**; the Objections (ECF No. 5) are **OVERRULED**, and the Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED WITH PREJUDICE**. Furthermore, because reasonable jurists would not disagree with this conclusion, this Court **DECLINES** to issue a certificate of appealability and **CERTIFIES** to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

**IT IS SO ORDERED.**

ALGENON L. MARBLEY
UNITED STATES DISTRICT JUDGE

**DATED:** November 4, 2024